**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ELLEN HOTT, MD<br>2187 Halcyon Road<br>Beachwood, Ohio 44122<br>  Plaintiff, | )<br>)<br>)<br>)<br>) | CASE NO.<br><br><br>JUDGE |
| vs. | )<br>) | |
| OHIO DEPARTMENT OF MENTAL<br>HEALTH AND ADDICTION<br>SERVICES<br>1756 Sagamore Road<br>Northfield, Ohio 44067<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT<br><br>(Jury Demand Endorsed Herein) |

## PRELIMINARY STATEMENT

Plaintiff Ellen Hott, M.D. brings this action pursuant to 29 U.S.C §§ 206 (d), and 216(b) against Defendant Ohio Department of Mental Health and Addiction Services ("Defendant") seeking appropriate monetary relief based on Defendant's failure to compensate Plaintiff with equal pay and benefits as required under the Equal Pay Act ("EPA") contained within the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' EPA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

1

2. Venue is proper in this District pursuant to, without limitation, 28 U.S.C. § 391(b)(c) because the events, conduct, omissions, and intended harm giving rise to the claims occurred in the Eastern Division of the Northern District of Ohio.

**PARTIES**

3. Plaintiff, a female, is employed by Defendant since November 5, 2012 as a Psychiatrist at Northcoast Behavioral Healthcare ("Northcoast") located at 1756 Sagamore Road Northfield, Ohio 44067.

4. Defendant is Plaintiff's employer, operates Northcoast and provides mental health and addiction services to the public, among other things.

**FACTS**

5. Defendant is an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

6. Plaintiff is an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e), and an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

7. Plaintiff is employed as a staff Psychiatrist at Northcoast since November 5, 2012. There are approximately twenty-two other staff Psychiatrists that work with Plaintiff. Their work is interchangeable and all of the staff Psychiatrists work on the same assignments and see the same type of patients.

8. Northcoast pays all full-time Psychiatrists, including all male Psychiatrists, but not Plaintiff, with an hourly wage supplement called a Recruitment and Retention Supplement ("Wage Supplement"). Plaintiff is not paid any Wage Supplement.

9. As an example, a male Psychiatrist, Dr. "A", is earning a Wage Supplement of $13.85 per hour, even though he is not Board Certified and Plaintiff is. As well, Plaintiff and Dr. "A" perform the same job duties at the same establishment. Plaintiff and Dr. "A" worked on the same hospital unit as unit partners for more than two years until August 2016, sharing the care of patients on the same unit and providing work coverage during each other's absences.

10. Their work assignments were identical except that Plaintiff provided work coverage to Dr. "A" one extra day per week because Dr. "A" only works four days per week. Plaintiff additionally precepted medical students and residents, while Dr. "A" did not. There are additional examples of male Psychiatrists performing the same work as Plaintiff at Northcoast who receive the Wage Supplement while Plaintiff does not.

11. Under EPA regulations, the term "Wages" include "all payments made to [or on behalf of] an employee as remuneration for employment." 29 C.F.R. §1620.10. Thus, the Wage Supplement constitutes "Wages" under the EPA and this wage disparity is a violation of the EPA.

12. There is no legal basis to pay Plaintiff unequal wages. The Wage Supplement is not paid on a seniority basis, there is no objective merit system or incentive system used at Northcoast and none ever has been articulated to Plaintiff. Finally, there was never any basis to pay Plaintiff less wages, other than her sex. The failure to pay Plaintiff equal wages also results in lower contributions by Defendant to Plaintiff's pension benefit plan.

13. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

14. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT ONE
## VIOLATION OF THE FLSA AND EPA

15. Plaintiff restates and incorporates by reference herein the allegations contained in rhetorical paragraphs 1-14 as if fully rewritten herein.

16. The actions of Defendant constitute a violation of the FLSA and EPA, 29 U.S.C. §206, and 29 U.S.C. §216.

17. Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r) and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

18. In violation of 29 U.S.C. § 206(d)(1), Defendant paid Plaintiff unequal wages and benefits within an establishment in which Plaintiff was employed, on the basis of sex by paying wages to her at a rate less than the rate at which Defendant pays wages to employees of the opposite sex, including but not limited to Dr. "A", for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions and such payment was not made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

19. At all times material, Defendant knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff equal wages and benefits was in violation of these laws.

20. As a result of these unlawful practices, Plaintiff has suffered a loss of wages and benefits.

21. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of wages, benefits and other damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

a. Unpaid wages and benefits due her under the EPA;

b. All liquidated damages as provided by law;

c. All costs and attorney's fees;

d. An award of prejudgment interest;

e. Leave to amend to add claims under applicable federal and/or state laws; and

f. For such other and further relief as the Court deems just and equitable.


Respectfully submitted,

 /s/ Daniel D. Domozick
Daniel D. Domozick (0025040)
33977 Chardon Road, Suite 100
Willoughby Hills, OH  44094
Phone: (216) 586-6020
Facsimile: (216) 586-6021
E-Mail: ddomozick@domolaw.net
Attorney for Plaintiff


## JURY DEMAND

Plaintiff demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury for all issues so triable.

/s/ Daniel D. Domozick
Daniel D. Domozick
Attorney for Plaintiff